# EXHIBIT A

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
In re:

ALROSE ALLEGRIA LLC,	Chapter 11
	Case No. 15-11760 (SHL)
        Debtor.

------------------------------------------------------------X
In re:
	Chapter 11
ALROSE KING DAVID LLC,	Case No. 16-10536 (SHL)

        Debtor.	JOINTLY ADMINISTERED

------------------------------------------------------------X
KENNETH P. SILVERMAN, ESQ., chapter 11
Trustee of the Estate of Alrose Allegria, LLC
and Alrose King David, LLC,	Adv. Pro. No. 17-01084 (SHL)

        Plaintiff,

-against-

ALLEN ROSENBERG,

        Defendant.
------------------------------------------------------------X

## STIPULATION AND ORDER

**WHEREAS,** on July 2, 2015 (the "Allegria Filing Date"), Alrose Allegria LLC ("Allegria") filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code) in the United States Bankruptcy Court for the Southern District of New York (the "Court"); and

**WHEREAS,** on February 5, 2016, the Court entered an Order Directing the Appointment of a Chapter 11 Trustee in the Allegria case (ECF Doc. No. 145); and

1

**WHEREAS**, on February 10, 2016 the Court entered an Order appointing Kenneth P. Silverman, Esq. as the Chapter 11 Operating Trustee (the "Trustee") for the Allegria estate (ECF Doc. No. 149); and

**WHEREAS**, prior to the appointment of the Trustee, Allegria operated the Allegria Hotel, a nine-story, 143 key mid-rise full service boutique hotel located on the beachfront at 80 West Broadway, Long Beach, New York; and

**WHEREAS**, on March 4, 2016, Alrose King David LLC ("AKD" and together with Allegria, the "Debtors") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code; and

**WHEREAS**, AKD was the owner of the real property, including the building, fixtures and improvements thereon, on which the Allegria Hotel is located; and

**WHEREAS**, on April 20, 2016, the Court entered an Order Directing the Appointment of a Chapter 11 Trustee in the AKD case (ECF Doc. No. 21 in Case No. 16-10536); and

**WHEREAS**, by order of the Court dated April 20, 2016, the Debtors' respective Chapter 11 cases were consolidated for procedural purposes only (ECF Doc. No. 177; ECF Doc. No. 22 in Case No. 16-10536); and

**WHEREAS**, on April 24, 2016, the Court entered an Order Approving the Appointment of Kenneth P. Silverman, Esq., as Chapter 11 Operating Trustee for the AKD estate (ECF Doc. No. 28); and

**WHEREAS**, on June 14, 2016 the Internal Revenue Service ("IRS") filed an Amended Proof of Administrative Claim (the "IRS Administrative Claim") in the amount of $501,147.27(*see* Claim No. 22-2); and

**WHEREAS,** on June 22, 2016, the IRS filed an Amended Proof of Claim (the "IRS Claim" and, together with the IRS Administrative Claim, the "IRS Tax Claims") in the amount of $5,666,421.56 (*see* Claim No. 11-2); and

**WHEREAS,** on July 19, 2016, the Allegria Hotel was sold by the Trustee, at a public Auction, to Stablis Fund IV LP (*see* ECF Doc. Nos. 231, 239, and 265); and

**WHEREAS,** on July 25, 2016, the New York State Department of Taxation & Finance ("DTF") filed an Amended Proof of Claim (the "DTF Claim") in the amount of $15,055,399.59 (*see* Claim No. 1); and

**WHEREAS,** on November 30, 2016, the DTF filed an Amended Proof of Administrative Claim (the "DTF Administrative Claim" and, together with the DTF Claim, the "DTF Tax Claims") in the amount of $304,641.78 (*see* Claim No. 2) (the DTF and the IRS are sometimes collectively referred to herein as the "Taxing Authorities," and the DTF Tax Claims and the IRS Tax Claims are sometimes collectively referred to herein as the "Allegria Tax Liability"); and

**WHEREAS,** as a result of his investigation into the financial affairs, assets and liabilities of the Debtors, the Trustee filed an adversary proceeding (Adv. Pro. No. 17-01084, the "Adversary Proceeding") against Allen Rosenberg ("Rosenberg"), the former majority interest holder of the Debtors, as well as against affiliated entities solely owned by Rosenberg or in which Rosenberg has an interest (the "Rosenberg Entities" and, together with Rosenberg, sometimes collectively the "Rosenberg Parties"); and

**WHEREAS,** the Trustee filed an adversary proceeding against Faye Klausner (Adv. Pro. No. 17-01085; the "Klausner Adversary Proceeding"); and

3

**WHEREAS**, the Trustee filed an adversary against Mia Rosenberg proceeding (Adv. Pro. No. 17-01086, the "Mia Rosenberg Adversary Proceeding" and, together with the Adversary Proceeding and the Klausner Adversary Proceeding, sometimes collectively the "Adversary Proceedings"); and

**WHEREAS**, the Rosenberg Parties have entered into Preliminary Consent Injunction Orders in the Adversary Proceeding whereby the Rosenberg Parties have been and continue to be enjoined from assigning, encumbering, hypothecating or transferring any property or assets of the Debtors and/or the Rosenberg Parties, during the pendency of the Adversary Proceeding; and

**WHEREAS**, the Trustee has consented to certain marketing and other activity relating to certain of the Rosenberg Parties' property in order fund a global settlement hereunder; and

**WHEREAS**, the parties desire to resolve their disputes with respect to the Allegria Tax Liability and the Adversary Proceedings, without the need for expensive and time consuming litigation;

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO AS FOLLOWS:**

1. Upon Court approval of this Stipulation and Order, Rosenberg shall pay to the Trustee the sum of Eight Million ($8,000,000) Dollars (the "Settlement Sum") via checks made payable to "Kenneth P. Silverman, Esq., as Trustee" or by wire transfer, upon instructions to be provided promptly upon execution of this Stipulation. The funds for the Settlement Sum will be generated from the sale or refinance of one or more specific assets, which assets Rosenberg has disclosed or shall further disclose to the Trustee. The Settlement Sum shall be used, in whole or in part, to satisfy the claims of creditors of the Allegria estate in accordance with the

priorities set forth in the Bankruptcy Code, including, to the extent possible, the satisfaction of the Allegria Tax Liability. On May 1, 2019, Rosenberg shall deposit the Settlement Sum into the attorney trust account of White and Williams LLP.

2.  This Settlement Agreement is subject to the entry of an Order approving this Settlement Agreement (the "Approval Order"). Upon full execution of this Settlement Agreement, Trustee's counsel will file and serve a motion seeking the entry of the Approval Order under Rule 9019 of the Federal Rules of Bankruptcy Procedure.

3.  Upon the Approval Order becoming a final order and the receipt and clearance of the entire Settlement Sum, the Trustee, the Debtors, the Debtors' estates, and each of their professionals, representatives, assigns, and successors-in-interest hereby release, and forever discharge the Rosenberg Parties, Mia Rosenberg and Faye Klausner, and each of their respective affiliates, professionals, employees, officers, directors, representatives, heirs, successors, and assigns, from any and all claims, counterclaims, claims for relief, demands, costs, expenses, damages, liabilities, and obligations that arise out of or relate to the Adversary Proceedings.

4.  Upon the Approval Order becoming a final order and the receipt and clearance of the Settlement Sum by the Trustee, the Rosenberg Parties, Mia Rosenberg and Faye Klausner, and each of their respective affiliates, professionals, employees, officers, directors, representatives, heirs, successors, and assigns hereby release, and forever discharge the Trustee, the Debtors, the Debtors' estates, and each of their professionals, representatives, assigns, and successors-in-interest from any and all claims that were asserted or that could have been asserted in the Debtors' bankruptcy case, whether filed or unfiled, asserted or unasserted, liquidated or unliquidated, including but not limited to claims under 11 U.S.C.

§502(b), (c), (h), and (j), and any and all other or additional claims that the Rosenberg Parties, Mia Rosenberg and Faye Klausner, and each of may have.

5. Upon full payment and clearance of the entire Settlement Sum hereunder, the Trustee parties shall execute and the Trustee shall file stipulations of dismissal of the Adversary Proceedings substantially in the form annexed hereto as **Exhibit A**.

6. Subject to the Trustee's rights under this Stipulation, Rosenberg shall have sole and absolute authority to operate his business and manage his affairs during the term of this Stipulation and the Trustee shall have no rights to any property interest of Rosenberg or the Rosenberg Entities, other than as set forth in this Stipulation and/or any applicable Preliminary Injunction Consent Order.

7. Rosenberg, on behalf of himself and the Rosenberg entities, has previously furnished counsel for the Trustee with certain confidential financial information concerning all assets and liabilities of Rosenberg and Rosenberg Entities and shall supply an updated financial disclosure form simultaneously with execution of this Stipulation (collectively, the "Financial Information"). Rosenberg acknowledges that the Trustee is relying upon the accuracy of the Financial Information and would not enter into this Stipulation in the event the Financial Information was materially inaccurate, and acknowledges the reasonableness of such reliance. By executing this Stipulation, Rosenberg hereby represents and warrants that the Financial Information is accurate. The Trustee specifically reserves the right to retain the benefits of the settlement herein and re-open the Adversary Proceeding if the Trustee, in his sole discretion, determines that Rosenberg has made any material misrepresentation or omission regarding the nature and extent of his assets and, in such event, the release set forth in paragraph 3 and 4 hereof shall be deemed null and void and will have no force and effect.

22620713v.3

8. Nothing herein shall be construed or deemed to be a limitation or restriction of the Trustee's rights, powers and duties under the Bankruptcy Code and applicable law, to administer the Debtors' estates.

9. Nothing herein or in any Order shall be deemed to affect the authority of New York State, the United States of America and/or any of their respective agencies. If the Court fails to approve this Stipulation or the Order is reversed on appeal or otherwise fails to become a final, non-appealable order, then (i) this Stipulation and the releases herein will be null and void and of no force and effect, (ii) the Settlement Sum shall returned to Rosenberg, to the extent paid, (iii) the parties shall return to the *status quo ante,* reserving all rights, claims and defenses, (iv) nothing contained herein will be deemed an admission or waiver of the rights of either party, and (v) this Stipulation shall not be used for any reason by either party in any litigation.

10. This Settlement Agreement states the complete agreement of the parties concerning the subject matter of the Settlement Agreement and supersedes any prior agreements, understandings, promises or representations between the parties concerning that subject matter.

11. Each of the parties irrevocably consents to the jurisdiction of the Court with respect to any action to approve and enforce the terms and provisions of this Stipulation and expressly waives any right to commence any action in any other forum or to contest the Court's jurisdiction.

12. The person executing this Stipulation on behalf of each respective party warrants and represents that she or he is authorized and empowered to execute and deliver this Stipulation on behalf of such party.

13. This Stipulation may not be altered, modified, or changed unless in writing, signed by the parties (or their counsel) and subject to appropriate Court order.

14. The Trustee, the Rosenberg Parties, Mia Rosenberg, and Faye Klausner are each responsible for their own costs and attorneys' fees in connection with the Adversary Proceedings and this Stipulation.

15. Each party to this Stipulation agrees and acknowledges that they, through counsel, participated in the drafting of this Stipulation and that the rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Stipulation.

16. This Settlement Agreement shall be governed by the laws of the State of New York, except with respect to matters as to which federal law is applicable, without regard to conflicts of law principles.

17. This Stipulation may be executed in one or more counterparts, each of which is deemed an original, together constituting one and the same document. Facsimile signatures and signatures that are scanned and sent by e-mail ("electronic signature") are treated as a binding and original document, and the facsimile or electronic signature of either party is

**\*\*Remainder of Page Intentionally Left Blank\*\***

considered an original signature.Dated: New York, New York
April 17, 2019

**WHITE AND WILLIAMS LLP**
*Attorneys for the Rosenberg Parties,*
*Mia Rosenberg and Faye Klausner*

By:   s/Heidi J. Sorvino
        Heidi J. Sorvino
7 Times Square, Suite 2900
New York, New York 10036
(212) 631-4417
sorvinoh@whiteandwilliams.com

        s/Allen Rosenberg
        Allen Rosenberg

        s/Mia Rosenberg
        Mia Rosenberg

        s/Faye Klausner
        Faye Klausner

Dated: Jericho, New York
April 19, 2019

**SILVERMANACAMPORA LLP**
Attorneys for the Trustee

By:   s/Ronald J. Friedman
Ronald J. Friedman
A Member of the Firm
100 Jericho Quadrangle - Suite 300
Jericho, New York 11753
(516) 479-6300
rfriedman@sallp.com

NO OBJECTION:

_____
NEW YORK STATE

_____
IRS

9

22620713v.3