```
UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
```

In re:

ALROSE ALLEGRIA LLC,                              Chapter 11
                                                  Case No. 15-11760 (SHL)
        Debtor.

```
---------------------------------------------------------------X
```
In re:

ALROSE KING DAVID LLC,                            Chapter 11
                                                  Case No. 16-10536 (SHL)

        Debtor.                   JOINTLY ADMINISTERED

```
---------------------------------------------------------------X
```
KENNETH P. SILVERMAN, ESQ., chapter 11
Trustee of the Estate of Alrose Allegria, LLC     Adv. Pro. No. 17-01084 (SHL)
and Alrose King David, LLC,

        Plaintiff,

    -against-

ALLEN ROSENBERG, *et al.,*

        Defendants.
```
---------------------------------------------------------------X
```

## **SUPPLEMENT TO STIPULATION AND ORDER RESOLVING ADVERSARY PROCEEDING**

**WHEREAS,** on July 2, 2015 (the "Allegria Filing Date"), Alrose Allegria LLC ("Allegria") filed a voluntary petition for relief under chapter 11 of title 11, United States Code (the "Bankruptcy Code) in the United States Bankruptcy Court for the Southern District of New York (the "Court"); and

**WHEREAS,** on February 5, 2016, the Court entered an Order Directing the Appointment of a Chapter 11 Trustee in the Allegria case (ECF Doc. No. 145); and

**WHEREAS,** on February 10, 2016 the Court entered an Order appointing Kenneth P. Silverman, Esq. as the Chapter 11 Operating Trustee (the "Trustee") for the Allegria estate (ECF Doc. No. 149); and

**WHEREAS,** the Trustee commenced the above adversary proceeding and also filed an adversary proceeding against (i) Faye Klausner (Adv. Pro. No. 17-01085; the "Klausner Adversary Proceeding"); and (ii) Mia Rosenberg proceeding (Adv. Pro. No. 17-01086, the "Mia Rosenberg Adversary Proceeding" and, together with the Adversary Proceeding and the Klausner Adversary Proceeding, sometimes collectively the "Adversary Proceedings"); and

**WHEREAS**, the Rosenberg Parties[1] have entered into Preliminary Consent Injunction Orders in the Adversary Proceeding whereby the Rosenberg Parties have been and continue to be enjoined from assigning, encumbering, hypothecating or transferring any property or assets of the Debtors and/or the Rosenberg Parties, during the pendency of the Adversary Proceeding; and

**WHEREAS,** the parties now desire to supplement the terms and conditions of the Stipulation currently filed with the Court for approval (See ECF #33 & 34 in Adversary Proceeding No. 17-01084); and

**WHEREAS,** the Rosenberg Parties have agreed to commence marketing and sale/refinance efforts in order to fund the settlement contemplated.

**NOW THEREFORE, IT IS HEREBY STIPULATED AND AGREED BY THE PARTIES HERETO AS FOLLOWS:**

1. As a supplement to the existing Stipulation and Order, the Rosenberg Parties and all of the defendants in the Adversary Proceedings, consent to the Trustee by and through the Rosenberg Parties proceed to market and sell/refinance the properties owned by those parties to ensure that the Trustee obtains the funds necessary to fully fund the Settlement as comprised in the Stipulation and Order and modified herein as agreed by and among the Parties hereto (the "Property Sale/Refinance Consent").

2. The Rosenberg Parties and all of the Defendants in the Adversary Proceedings shall fully cooperate with the Trustee in all respects regarding the sale/refinance. Rosenberg shall

---

[1] Capitalized terms not otherwise defined herein, shall have the meaning ascribed in the Stipulation and the accompanying Motion.

reserve the right to remit the necessary funds to the Trustee to fully satisfy the Settlement Sum which shall be increased to an amount not to exceed $9.2 million (the "Increased Settlement Sum" which shall supersede the Settlement Sum) . In addition, the Rosenberg Parties recognize and acknowledge that the reasonable legal fees and other costs incurred by the Trustee to consummate the Settlement post-confirmation of the Trustee's chapter 11 plan to be promulgated in this case are an additional amount to the Increased Settlement Sum and are the sole and exclusive obligation of the Rosenberg Parties and shall be remitted to the Trustee by the Rosenberg Parties promptly upon request (the "Fee and Cost Obligation"). In the event the Fee and Cost Obligation is not timely satisfied, the releases by the Trustee to and for the benefit of the Rosenberg Parties are not activated or effective in any manner whatsoever. The Parties agree that any dispute regarding the Fee and Cost Obligation payment shall be determined on notice and a hearing by the Bankruptcy Court. In all respects, the Fee and Cost Obligation are in addition to the Increased Settlement Sum.

3. Rosenberg shall meet and confer with the Trustee and the Trustee's counsel every two months so that the sales/refinances of the properties can proceed with reasonable diligence. Based on current market conditions, the Parties believe that a portion of the Increased Settlement Sum will be remitted by April 30, 2021, a further portion would be remitted by October 31, 2021 and that the anticipated remaining balance due under the Increased Settlement Sum would be remitted on or before October 31, 2022. The Parties hereto recognize that due to the Covid-19 environment currently in effect, that these dates may be subject to modification which will be mutually agreed to and discussed in all respects.

4. Rosenberg has caused the following funds to be remitted via wire transfer to the Trustee's "Earnest Monies" account for the Debtor's estate: On January 8, 2020 the sum of $1,650,000; and on July 23, 2020 the sum of $1,249,955.66; totaling the sum of $2,899,955.66 (the "Deposit"). The Deposit shall be indefeasible and shall be retained by the Trustee as a credit towards

the Increased Settlement Sum. Upon Court approval of the Supplement and the Stipulation and Order, the Deposit shall be transferred from "Earnest Monies" to the estate bank account.

5. After crediting the Increased Settlement Sum with the Deposit, the Rosenberg Parties shall proceed with Property Sale/Refinance Consent and all sums obtained from that process to be applied towards the Increased Settlement Sum.

6. In order to further induce the parties to consummate this Stipulation, Rosenberg owns an interest in Portwood LLC (the "Portwood Interest"), and RBJF Bellport LLC ("RBJF") has agreed to purchase the Portwood Interest free and clear of all liens in exchange for the release of the mortgage held by RBJF on 1615 Bay Boulevard, Atlantic Beach, NY. RJBF and the Rosenberg Parties agree that, upon approval of this Stipulation by the Court, the Portwood Interest is to be free and clear of any tax liens and request that the Court approval order herein provide as such so that it may be acquired in that manner. Upon transfer of the interest (free and clear of any of the asserted tax liens), RBJF further agrees to provide counsel for Rosenberg with a Satisfaction of Mortgage, and agrees to dismiss the foreclosure action with prejudice Index No.: 1319/2017 pending in Nassau County (the "Foreclosure Action"). Rosenberg agrees to indemnify and defend RBJF with respect to any claims that the interest in Portwood LLC being conveyed pursuant to this Stipulation is burdened by any tax liens. Upon transfer of the Portwood Interest to RNJF, any and all claims between the Rosenberg Parties and RJBF Bellport will be released. RBJF agrees to further adjourn the pending motion dates in the Foreclosure Action for thirty (30) days to effectuate this paragraph. Nothing contained herein shall limit the ability of RBJF to proceed with the Foreclosure Action in the event that the requisite documents to transfer the Portwood Interest free and clear of the tax liens are not obtained in a reasonable time frame following the entry of a Court order approving the settlement contained herein.

7. The Trustee's consent preliminary injunction (ECF #61) shall become permanent and remain in full force and effect until the entirety of the Increased Settlement Sum is obtained by the Trustee and the releases are effectuated between and among the parties.

8. The Stipulation and Order shall be modified such that any and all release provisions are not effective unless and until the Increased Settlement Sum is obtained by the Trustee and is property of the estate pursuant to the Stipulation and Order.

9. This Supplement may not be altered, modified, or changed unless in writing, signed by the parties (or their counsel) and subject to appropriate Court order. The parties hereto acknowledge and agree that unless specifically referenced herein in this Supplement the Stipulation and Order remains in full force and effect.

10. The Trustee, the Rosenberg Parties, Mia Rosenberg and Faye Klausner are each responsible for their own costs and attorneys' fees in connection with the Adversary Proceeding and this Stipulation, except that the Rosenberg Parties shall remain responsible for the Trustee's costs and legal fees incurred in accordance with paragraph 2 hereof.

11. Each party to this Stipulation agrees and acknowledges that they, through counsel, participated in the drafting of this Stipulation and that the rule of construction to the effect that any ambiguities are to be resolved against the drafting party shall not be employed in the interpretation of this Stipulation.

12. This stipulation and settlement agreement shall be governed by the laws of the State of New York, except with respect to matters as to which federal law is applicable, without regard to conflicts of law principles.

13. This Stipulation may be executed in one or more counterparts, each of which is deemed an original, together constituting one and the same document. Facsimile signatures and signatures that are scanned and sent by e-mail ("electronic signature") are treated as a binding and original document, and the facsimile or electronic signature of either party is

**[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]**

considered an original signature.

Dated: New York, New York
October 30, 2020

**WHITE AND WILLIAMS LLP**
*Attorneys for the Rosenberg Parties,*
*Mia Rosenberg and Faye Klausner*

| | |
|---|---|
| By:    s/ Heidi J. Sorvino<br>Heidi J. Sorvino<br>7 Times Square, Suite 2900<br>New York, New York 10036<br>(212) 631-4417<br>Email: sorvinoh@whiteandwilliams.com |    s/ Allen Rosenberg<br>Allen Rosenberg<br><br>   s/ Mia Rosenberg<br>Mia Rosenberg<br><br>   s/ Faye Klausner<br>Faye Klausner |

Dated: Jericho, New York
October 30, 2020

**SILVERMANACAMPORA LLP**
Attorneys for the Trustee

By:    s/ Ronald J. Friedman
Ronald J. Friedman
A Member of the Firm
100 Jericho Quadrangle - Suite 300
Jericho, New York 11753
(516) 479-6300
rfriedman@sallp.com

JPUJOLS/2568211.1/065855.065855